```
                      UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA

                      CASE NO. 10-21057-CIV-GOLD
                      MAGISTRATE JUDGE P.A. WHITE
```

GREGORY VIRGIL WILLIAMS,    :

    Plaintiff,           :

v.                          :          REPORT OF
                                       MAGISTRATE JUDGE
EVERGLADES CI, et al        :
    Defendants.          :
_____

## I. Introduction

Gregory Virgil Williams has filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983, while confined in Charlotte Correctional Institution. The plaintiff is permitted to proceed _in forma pauperis_.[1]

Upon initial review of the complaint, the plaintiff makes allegations against officers at Everglades CI, Charlotte CI and Columbia CI, which were completely unclear. Everglades CI is the only institution located in the Southern District of Florida. The plaintiff was instructed that he may not challenge events which occurred outside of the Southern District of Florida. They must be filed in the proper venue. In light of the plaintiff's _pro-se_ status he was permitted an opportunity to amend his complaint. The

---

[1] The Court initially denied the plaintiff's motion to proceed _in forma pauperis_ without prejudice, to file a more detailed motion to include the plaintiff's six month prison account statement. The petitioner has not yet complied with the Court's Order, however, because the complaint, and all amendments are insufficient to state a claim, the Court will reconsider the motion for IFP and permit the plaintiff to proceed IFP for purposes of review of this complaint.

plaintiff was ordered to file <u>one complete</u> amended complaint on or before May 3, 2010. He was ordered to clearly state the names of the defendants in the Southern District, and the facts resulting in their alleged violations. He failed to comply with the Court's Order, and instead filed multiple pieces of amended complaints, and a supplement. None of the pleadings were sufficient to correct the above deficiencies (DE#s 7, 10-13).[2]

In light of the plaintiff's <u>pro-se</u> status, he was given one further opportunity to file <u>one complete amended complaint</u>, on or before May 20, 2010. The plaintiff was instructed that the amended complaint must include all allegations against every defendant <u>located only at Everglades CI</u>, in the Southern District of Florida, and must state all relief which is sought; it cannot just add to the original complaint. This is because the amended complaint will become the only active complaint in the case. Nothing in the original complaint will be considered after the amended complaint is filed. The plaintiff was cautioned that failure to timely file the amended complaint would probably result in dismissal of this case.

The plaintiff filed a response on May 4, 2010 (DE#17). This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

---

[2]These attempts to amend were stricken.

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

conclusion is the most plausible or whether it is more likely that no misconduct occurred.[3]

### Sufficiency of the amended complaint

The amended complaint (DE#17), as filed, is disjointed and difficult to understand. The plaintiff states that he was attacked at Everglades CI. He again includes allegations of violations at Colombia CI, and seeks damages from a Nurse at Everglades. He refers to personal injury, product liability, Banking Property Rights, Fair labor Standards, and Federal Tax Suits. This amended complaint is entirely non-responsive to the Court's Order and is insufficient to proceed.

The plaintiff further alleges that he has been incarcerated for two years beyond his sentence. Research at the Florida Department of Corrections website indicates that he is serving a nine year sentence entered in 2002, in Miami Dade County, for aggravated assault against a pregnant woman. He is due to be released on October 10, 2010. Claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct

---

[3] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996). For the petitioner to timely file a habeas corpus petition, he must be "in custody" serving the sentence he is seeking to collaterally attack.

The plaintiff has been given multiple opportunities to amend his complaint, to state a sufficient claim. He has failed to correct the deficiencies in his initial complaint.

### III. Conclusion

It is therefore recommended that this complaint be dismissed without prejudice, for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and any challenges to his conviction/and or sentence be barred by Heck.

No further amendments should be permitted from this plaintiff.

Objections to this Report may be filed within fourteen days following receipt.

Dated this 25th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gregory Williams, pro-se
DC#424584
Charlotte CI
Address of record