UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 10-21057-CIV-GOLD/WHITE

GREGORY VIRGIL WILLIAMS,

    Petitioner,

v.

EVERGLADES CI, et al,

    Respondents.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [DE 19]; CLOSING CASE

THIS CAUSE is before the Court upon Magistrate Judge White's Report and Recommendation ("the Report") **[DE 19]**, filed on May 25, 2010. In the Report, Judge White recommends that Petitioner's *pro se* civil rights Complaint **[DE 1]** pursuant to 42 U.S.C. § 1983 be dismissed without leave to amend for failure to state a claim. In light of Petitioner's *pro se* status, he was granted several opportunities to amend his Complaint. Specifically, he was ordered to file an amended complaint on May 3, 2010, and was also given another opportunity to amend his complaint no later than May 20, 2010. Petitioner filed a letter **[DE 17]** on May 3, 2010 and an Amended Complaint **[DE 18]** on May 21, 2010.

As Judge White correctly notes, Petitioner's letter,[1] filed on May 3, 2010, is disjointed and difficult to understand. Although Petitioner was afforded an opportunity to amend his complaint by May 20, 2010, Petitioner 's Amended Complaint **[DE 18]** was

---

[1] For the purposes of this Order, this Court construes Petitioner's Letter [DE 17] as a Complaint.

1

untimely filed and was comprised of the same errors as the prior complaint **[DE 17]**[2]; thus, warranting dismissal for the very reasons set forth in the Report. In the Complaint **[DE 17]** and the Amended Complaint **[DE 18]**, Petitioner states that he was attacked at Everglades CI, and therefore, is entitled to seek damages from a nurse employed by Everglades CI. Petitioner refers to the following allegations: personal injury, product liability, banking property rights, fair labor standards, and federal tax suits. However, as previously stated, the Amended Complaint is non-responsive to Judge White's Second Order Requiring Plaintiff to Amend his Complaint (the "Second Order") **[DE 16]** and is insufficient as a matter of law. He has failed to correct the deficiencies in his initial complaint **[DE 17]**. Thus, having reviewed the Second Order **[DE 16]** and the Amended Complaints **[DE 17; DE 18]**, I concur with Judge White that Petitioner's complaint be dismissed with prejudice, given that Petitioner has been afforded several opportunities to amend his complaint to state a sufficient claim. Accordingly, upon an independent review of the well-reasoned Report, the record and applicable case law, it is hereby:

ORDERED AND ADJUDGED:

    1. The Magistrate Judge's Report **[DE 19]** is AFFIRMED AND ADOPTED.

    2. Petitioner's Complaint **[DE 18]** is DISMISSED WITH PREJUDICE.

    3. All pending motions are DENIED AS MOOT and this case is CLOSED.

    DONE and ORDERED in Chambers at Miami, Florida, this ___ day of August, 2010.

---

[2] Although Petitioner has filed several complaints in an effort to rectify prior deficiencies, he fails to file an amended complaint that sufficiently states a claim in its entirety. Judge White provided Petitioner notice and an explanation as to why his complaints were insufficient as a matter of law [DE 16], however, Petitioner's attempts of amendment did not adhere to the reasons addressed in the Second Order. [DE 16].

                                            THE HONORABLE ALAN S. GOLD
                                            UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Patrick A. White

Gregory Williams, *Pro Se*
DC #424584
Charlotte Correctional Institution
3189 Little Silver Rd.
Crestview, FL 32539

Natalia Costea, Ass't Atty. Gen'l
Office of the Attorney General
Department of Legal Affairs
444 Brickell Avenue
Suite 650
Miami, Fl 33131